NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN VERNORD CLEVELAND, | ) | No. C 06-02861 JF (PR) |
| Plaintiff, | ) ) | ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| vs. | ) ) ) | |
| J.D. STOKES, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California prisoner incarcerated at the California Training Facility in Soledead, ("CTF") and proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against prison officials. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The Court will dismiss five of Plaintiff's six claims because they fail to state a cognizable basis for relief, and order service of the complaint based on Plaintiff's remaining cognizable claim.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges the following claims against prison officials: 1) he was wrongfully transferred which violated his right to rehabilitation; 2) prison official refused to provide medical care for his severe back pains; 3) prison officials threatened to transfer him for filing administrative appeals; 4) violation of his right to due process and First Amendment; 5) the confiscation of photographs; and 6) the appeals coordinator is using wrongful methods to avoid granting legal appeals.  Having reviewed the complaint, the Court finds only the second claim, liberally construed, cognizable as a violation of Plaintiff's Eighth Amendment right against cruel and unusual punishment based on Defendant Dr. Sundaran's deliberate indifference to Plaintiff's serious medical needs, i.e., his back problems.

Plaintiff's first claim challenging his transfer is not cognizable because it is well established that prisoners have no constitutional right to incarceration in a particular institution.  See Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983); Meachum, 427 U.S. 224.  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution.  See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)); see also Stewart v. McManus,

924 F.2d 138 (8th Cir. 1991) (no due process rights implicated in transfer from state to federal prison). A non-consensual transfer is not per se violative of either due process or equal protection rights, see Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); Stinson v. Nelson, 525 F.2d 728, 730 (9th Cir. 1975), and no due process protections such as notice or a hearing need be afforded before a prisoner is transferred, even if the transfer is for disciplinary reasons or to a considerably less favorable institution, see Montanye v. Haymes, 427 U.S. 236, 242 (1976); Johnson, 948 F.2d at 519; see also Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (transfer from work release center back to prison does not implicate due process nor equal protection rights). "It is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 39 (2002). Accordingly, no relief may be granted with respect to this claim.

      Plaintiff's claims 3, 4 and 6 raise issues involving the prison appeals system. However, there is no constitutional right to a prison administrative appeal or grievance system. See Ramirez v. Galaza, 334 F. 3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ( holding prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); accord Wolff v. McDonnell, 418 U.S. 539, 565 (1974) (noting, without criticism, that Nebraska system contained no provision for administrative review of disciplinary decisions). As plaintiff has no constitutional right to file grievances, defendants' alleged actions under claims 3, 4 and 6 do not rise to the level of a constitutional violation. Accordingly, relief may not be granted under § 1983 on these claims that his constitutional rights were violated by any alleged deficiency in the prison appeals system.

      Plaintiff's fifth claim is that defendants violated his constitutional rights by confiscating his personal property. Specifically, he alleges that Defendant Officer Bolandi conducted a search of Plaintiff's cell on August 3, 2005, after which Plaintiff noticed that photographs of his ex-wife were missing from his photo album. His appeal

on the matter was denied for lack of evidence.

Ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 19 (1978). Neither the negligent nor intentional deprivation of property states a due process claim under § 1983, however, if the deprivation was random and unauthorized. See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (finding no claim where state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (finding no claim based on intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. See Zinermon v. Burch, 494 U.S. 113, 128 (1990); King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides such adequate post-deprivation remedy. See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Here, as noted, Plaintiff alleges that Defendant Bolandi took his personal property without authorization. As the alleged deprivation of property was unauthorized, it does not implicate his right to due process. Although Plaintiff may bring a tort claim in state court for the loss of his personal property, such a claim does not state a cognizable claim for relief under federal law.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Plaintiff's second claim against Defendant Dr. Sundaran, is, when liberally construed, cognizable. Plaintiff's remaining claims 1, 3, 4, 5 and 6, alleging unlawful transfer, unconstitutional prison grievance system, and the deprivation of personal property, are DISMISSED for failure to state a cognizable basis for relief. The claims against Defendants J.D. Stokes, Williams, R. Chandler Dacanay, W. Jeppeson and Bolandi are DISMISSED, and these Defendants are TERMINATED from this action.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint in this matter, all attachments thereto, and a copy of this order upon **Dr. Sundaran** at the **California Training Facility - Soledad.** The Clerk shall also mail courtesy copies of the Complaint and this order to the California Attorney General's Office.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claim in the complaint found to be cognizable above.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

    a. In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The Defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the Defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to Plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5.     Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 8/19/08

JEREMY FOGEL
United States District Judge